THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

SUSAN CASPERSON *et al.*,

CASE NO. C20-0112-JCC

10
                                    Plaintiffs,          ORDER
11
            v.
12
ETHICON, INC. *et al.*,
13
                                    Defendants.
14

15      This matter comes before the Court on Defendants' motion for leave to file supplemental

16 summary judgment briefing (Dkt. No. 69) and the parties' stipulated motion to dismiss certain

17 claims (Dkt. No. 74).

18      This case originated in Multi-District Litigation No. 2327, *In re: Ethicon Inc., Pelvic*

19 *Repair System Products Liability Litigation*. (*See* Dkt. Nos. 1 at 1–5, 69 at 1.) Plaintiffs allege

20 that several of Defendants' products were implanted in Plaintiff Susan Casperson and caused her

21 significant harm. (*See* Dkt. Nos. 1 at 3, 71 at 1.) On October 18, 2018, Defendants moved for

22 partial summary judgment on many of Plaintiffs' claims. (*See generally* Dkt. Nos. 32–33.) That

23 motion remains pending. On January 23, 2020, the case was transferred to the Court.

24      On July 16, 2020, the parties filed a joint stipulation of dismissal of certain counts. (Dkt.

25 No. 74.) Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), the parties' stipulation is self-

26 executing, and Plaintiffs' claims for negligence (Count I); strict liability—manufacturing defect

(Count II); strict liability—defective product (Count IV); common law fraud (Count VI); fraudulent concealment (Count VII); constructive fraud (Count VIII); negligent misrepresentation (Count IX); negligent infliction of emotional distress (Count X); breach of express warranty (Count XI); breach of implied warranty (Count XII); violation of consumer protection laws (Count XIII); gross negligence (Count XIV); and unjust enrichment (Count XV) are DISMISSED with prejudice and without an award of costs or attorney fees to either party. Pursuant to the parties' stipulated dismissal of certain counts, Defendants' motion for partial summary judgment (Dkt. Nos. 32–33) is DENIED as moot.

Defendants also move for leave to file supplemental summary judgment briefing on "Plaintiffs' failure to warn, design defect, and fraud-based claims." (Dkt. No. 69 at 1.) But several of the claims Defendants seek to challenge are subject to the parties' stipulated dismissal. (*Compare* Dkt. Nos. 69 at 2, 70-1 at 3, *with* Dkt. No. 74 at 1–2.) Moreover, the parties' stipulation reserves "Defendants . . . right to seek leave to file additional motions" and provides that "Plaintiffs will oppose Defendants' motion for leave to file additional summary judgment motions." (Dkt. No. 74 at 2.) Therefore, pursuant to the parties' stipulation, Defendants' motion for leave to file supplemental summary judgment briefing (Dkt. No. 69) is DENIED without prejudice to refile.

DATED this 6th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE